UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NICOLE WELCOME,

                                  Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
PATRICK CRAIG (tax # 945623), CAPTAIN PETER
ROSE (tax # 899782), SERGEANT GREGORY JONES
(tax # 901739), POLICE OFFICERS JOHN DOES 1-20,

                                  Defendants.

**FIRST AMENDED COMPLAINT**

16 CV 111 (LDH) (RML)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

    1.    This is a civil rights action in which the plaintiff alleges that the City of New York and several New York City Police Officers of the 77th Precinct violated her rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution by subjecting her to false arrest, fabrication of evidence and malicious prosecution. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## JURY TRIAL

    3.    Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

    4.    Plaintiff is a resident of the State of New York, County of Kings.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. The individual defendants are members of the NYPD. The individual defendants acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein. The individual defendants are sued in their individual capacities.

**STATEMENT OF FACTS**

7. On February 3, 2015, plaintiff, a resident of 2949 West 28th Street in Brooklyn, was sitting in the living room of her mother's apartment located at 80 Schenectady Avenue, apt. # 1F, in Brooklyn.

8. At approximately 7:30 a.m., Officer Patrick Craig, Sergeant Gregory Jones, Captain Peter Rose and numerous other New York City Police Officers (hereinafter, the "defendants" or "officers") entered plaintiff's mother's apartment by force to execute a search warrant, the subject of which was plaintiff's boyfriend Patrick Bull.

9. Some or all of the defendants pointed their guns at plaintiff and the other occupants of the residence, placed them in handcuffs and searched the apartment.

10. The defendants allegedly found an air pistol (BB gun) and ammunition in plaintiff's brother Tai Welcome's bedroom and some marijuana in the coat pocket of Tai Welcome's girlfriend Evelyn Robinson.

11. Even though nothing illegal was found on or near plaintiff, or in any of the common areas of the residence, Officer Craig, Sergeant Jones, Captain Rose and the other officers arrested plaintiff. The defendants also arrested Patrick Bull, plaintiff's sister Eukia

Brown and Evelyn Robinson. Tai Welcome was at work at the time of the search and was never arrested.

12. The arrest of plaintiff was not predicated on probable cause because: (a) no contraband was found in plaintiff's actual or constructive possession, (b) no contraband was in plain view, in a common area, near plaintiff, on plaintiff, or in an area within plaintiff's dominion and control, and (c) the defendants had no evidence that plaintiff knew that there was contraband in the apartment or on any of its occupants.

13. Officer Craig, Sergeant Jones, Captain Rose and the other officers took plaintiff, Patrick Bull, Evelyn Robinson and Eukia Brown to the 77th Precinct in Brooklyn for arrest processing.

14. In the 77th Precinct, Officer Craig, acting with the knowledge and approval of Sergeant Jones, Captain Rose and the other officers, falsely charged plaintiff with possession of marijuana, possession of an air pistol and possession of ammunition. Officer Craig was plaintiff's designated "arresting officer" and completed the arrest paperwork.

15. Those officers who did not assist in preparing the arrest paperwork knew that Officer Craig was falsely charging plaintiff with the aforesaid offenses, they had a reasonable opportunity to stop Craig by, for example, contacting an NYPD supervisor or Internal Affairs, but the officers failed to intervene.

16. After Officer Craig completed plaintiff's arrest paperwork, plaintiff was taken to Brooklyn Central Booking to await arraignment.

17. While plaintiff was incarcerated in Brooklyn Central Booking, Officer Craig, acting with the knowledge and approval of Sergeant Jones, Captain Rose and the other officers, misrepresented to prosecutors from the Kings County District Attorney's Office that

3

plaintiff was found in possession of contraband found in a common area of the residence, namely the kitchen. This was a misrepresentation as contraband was recovered only in Tai Welcome's bedroom and in Evelyn Robinson's coat pocket, areas not within plaintiff's dominion and control.

18. In furtherance of having plaintiff prosecuted, Officer Craig, acting with the knowledge and approval of Sergeant Jones, Captain Rose and the other officers, caused the creation of, and signed, a criminal court complaint falsely charging plaintiff with possession of an air pistol that Craig misrepresented was found in the kitchen, and bullets that Craig claimed were found in a bedroom.

19. Those officers who did not meet with the Kings County District Attorney's Office knew that Officer Craig was making the aforesaid misrepresentations to prosecutors, they had a reasonable opportunity to stop Craig by, for example, contacting an NYPD supervisor, the District Attorney's Office or Internal Affairs, but the officers failed to intervene.

20. On February 3, 2015, at approximately 1:00 a.m., plaintiff was arraigned in Criminal Court, Kings County, and released on her own recognizance.

21. Plaintiff made several court appearances after her arraignment.

22. While plaintiff was being prosecuted over a period of several months, Officer Craig, Sergeant Jones, Captain Rose and the other officers involved in plaintiff's arrest had the opportunity to try to put an end to the prosecution by, for example, contacting an NYPD supervisor, the District Attorney's Office or Internal Affairs, but the officers failed to intervene.

23. On July 21, 2015, the criminal case terminated in plaintiff's favor when prosecutors dismissed all of the criminal charges.

24. Defendants' illegal conduct as described above caused plaintiff to suffer emotional distress, humiliation, embarrassment, fear, anxiety, substantial inconvenience, a loss of liberty, the pains of incarceration, damage to her reputation, and financial loss in the amount of $2,000, which plaintiff had in her possession from an income tax refund advance.

## FIRST CLAIM

### (§ 1983; FALSE ARREST)

(Against All Defendants)

25. Plaintiff repeats the foregoing allegations.

26. Defendants arrested and imprisoned plaintiff without legal justification or probable cause in violation of § 1983 and the Fourth Amendment.

27. Defendants intended to confine the plaintiff, plaintiff was conscious of her confinement, plaintiff did not consent to her confinement, and plaintiff's confinement was not privileged or lawful.

28. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

29. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (§ 1983; FABRICATION OF EVIDENCE)

(Against All Defendants)

30. Plaintiff repeats the foregoing allegations.

31. Officer Patrick Craig, acting with the knowledge and approval of the other defendants, maliciously misrepresented to prosecutors that contraband was recovered in a

common area of the residence where plaintiff was found in violation of § 1983, the fair trial clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment.

32. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

33. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### THIRD CLAIM

### (§ 1983; MALICIOUS PROSECUTION)

(Against All Defendants)

34. Plaintiff repeats the foregoing allegations.

35. Officer Patrick Craig, acting with the knowledge and approval of the other defendants, maliciously misrepresented to prosecutors that plaintiff was found in actual and constructive possession of contraband and initiated a prosecution against plaintiff which terminated in plaintiff's favor.

36. Defendants' conduct violated § 1983 and the Fourth Amendment.

37. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

38. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### FOURTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

39. Plaintiff repeats the foregoing allegations.

40. The defendants and all of the other officers involved in the arrest of plaintiff had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth, Sixth and Fourteenth Amendments by informing an NYPD supervisor, the Kings County District Attorney's Office or Internal Affairs that Officer Patrick Craig, Captain Peter Rose and Sergeant Gregory Jones falsely arrested plaintiff and had misrepresented to prosecutors that contraband was found in a common area of the residence where plaintiff was found, but these officers failed to fulfill their constitutional obligation to intervene.

41. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

42. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## **FIFTH CLAIM**

### **(§ 1983; MUNICIPAL LIABILITY)**

(Against the City of New York)

43. Plaintiff repeats the foregoing allegations.

44. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

45. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

46. Upon information and belief, the City of New York, at all relevant times, were on notice from police misconduct lawsuits filed in federal and state court and from complaints filed with municipal officials and agencies, including the Civilian Complaint Review

Board and the NYPD's Internal Affairs Bureau, that the defendants are unfit officers who have previously committed acts of false arrest, fabrication of evidence and malicious prosecution.

47. As for federal lawsuits, prior to violating plaintiff's civil rights, Officer Craig was alleged to have subjected the plaintiffs in *Erick Johnson v. City of New York, et al.*, 14 CV 1381 (E.D.N.Y.), *Kimani Jackson v. City of New York, et al.*, 15 CV 1006 (E.D.N.Y.), and *Kamaal Bey and Ta-Muur Bey v. City of New York, et al.*, 14 CV 4519 (E.D.N.Y.) to various constitutional violations. In *Johnson*, the plaintiff alleged that he was subjected to an illegal search and seizure, false arrest and excessive force in Brooklyn on October 3, 2012. In *Jackson*, the plaintiff alleged that he was subjected to an illegal search and seizure, false arrest and excessive force in Brooklyn on December 6, 2013. In *Bey*, the two plaintiffs alleged that they were subjected to an illegal search and seizure, false arrest, fabrication of evidence/denial of a fair trial and malicious prosecution in Brooklyn on October 3, 2012. Moreover, prior to violating plaintiff's civil rights, Sergeant Jones was alleged to have subjected the plaintiff in *Marvin Peters v. City of New York*, 12 CV 6423 (E.D.N.Y.) to various constitutional violations including false arrest, an unlawful home search and malicious prosecution in Brooklyn on September 2, 2010.

48. Despite being on notice of the aforesaid misconduct, the City of New York exercised deliberate indifference by failing to take remedial action. First, the City of New York failed to properly investigate the prior allegations of police misconduct made against the defendants by not speaking with the defendants about their actions after a police misconduct lawsuit had been filed, and by merely paying lip service to individuals who had filed complaints of police misconduct against the defendants with municipal officials and agencies including the Civilian Complaint Review Board and the NYPD's Internal Affairs Bureau. Second, the City of

8

New York failed to properly train, retrain, supervise, discipline, counsel and monitor the defendants after the lawsuits were filed and complaints of police misconduct were made.

49. The City of New York's failure to act as described above sent an unmistakable message to the defendants that municipal officials tacitly approve of their misconduct, or were not concerned about it, and that they could violate the civil rights of individuals like plaintiff with impunity

50. The City's failure to act proximately caused the violation of plaintiff's constitutional rights and caused plaintiff to suffer various personal injuries, including the injuries described herein.

51. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

  a. Compensatory damages in an amount to be determined by a jury;

  b. Punitive damages in an amount to be determined by a jury;

  c. Attorney's fees and costs;

  d. Such other and further relief as the Court may deem just and proper.

DATED: May 17, 2016

_____/s/_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391